Case No. 3:24-cv-00002-MHL

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---

KARL LINARD MALLOY, Appellant,

v.

KRISTIN E. SCHELIN and MARK A. WATSON, Appellees.

---

In re KARL LINARD MALLOY, Debtor.

---

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Adversary Proceeding Case No. 23-03043-KRH

Bankruptcy Case No. 23-33442-KRH

---

**BRIEF OF APPELLANT, KARL LINARD MALLOY**

---

Karl L. Malloy
1600 Mill Quarter Road
Powhatan, Virginia 23139
Phone: (804) 528-1640
Fax: (804) 325-1092
Email: malloy@post.harvard.edu

*Pro Se*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS……………………………….…………………..…i

TABLE OF AUTHORITIES……….……………………….........ii, iii, iv, v, iv

STATEMENT OF APPELLATE JURISDICTION….…..…………………......1

STATEMENT OF THE ISSUES…….……………….…..…………….....………..1

STANDARD OF REVIEW.……………….………………………………………..2

STATEMENT OF THE NATURE OF THE CASE.………………….………..…..….2

STATEMENT OF FACTS.…………..………………………………..………….2

ARGUMENT.……………….………………………………….………..……….….5

CONCLUSION.……………….……………………………………………......32

CERTIFICATE OF COMPLIANCE.…………………………….....……….…33

PRO SE CERTIFICATION.………..…………………………….....…….……34

CERTIFICATE OF SERVICE.……….…………………………....…….……35

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Allstate Ins. Co. v. Credit Suisse Securities (USA) LLC,*
         2011 WL 4965150, at *7 (S.D.N.Y. Oct. 19, 2011)....................17

*BCG Partners, Inc. v. Avison Young (Canada), Inc.,*
         919 F. Supp. 2d 310, 320 (S.D.N.Y. 2013)..............................20

*Core Litig. Trust v. Apollo Global Mgmt., LLC (In re AOG Entm't, Inc.),*
         569 B.R. 563 (Bankr. S.D.N.Y. 2017)...............................16, 19

*Deutsche Oel & Gas,*
         2020 U.S. Dist. LEXIS at *35,
         No. 19-CV-11058 (RA) (S.D.N.Y. Sep. 30, 2020)....................20

*First Union Mortg. Corp. v. Smith,*
         229 F.3d 992, 996 (10th Cir. 2000)......................................5

*In re AmericanWest Bancorporation,*
         2011 WL 6013779 at *2-3 (Bankr. E.D. Wash. Dec. 2, 2011)........25

*In re 3G Properties, LLC,*
         No. 10-04763-8-JRL, A.P. No. 10-00178-8-JRL, 2010 WL 4027770,
         at *3 (Bankr. E.D.N.C. 2010)..............................................19

*In re Bradlees, Inc.,*
         311 B.R. 29, 34 (Bankr. S.D.N.Y. 2004)................................16

*In re Duval County Ranch Co.,*
         167 B.R. 848, 849 (Bankr. S.D.Tex. 1994)..............................13

*In re DPH Holdings Corp.,*
         2013 U.S. Dist. LEXIS 108669, at *33...................................21

*In re LandAmerica Fin. Grp., Inc.,*
         No. 08-35994-KRH, 2011 WL 203986, at *2

(Bankr. E.D. Va. Jan. 21, 2011)..............................................14

*In re Maria Vista Estates,*
2016 WL 1381769 at *12 (Bankr. C.D. Cal. Apr. 5, 2016)............26

*In re Neel,*
2016 WL 3922904 at *4 (Bankr. D. Or. June 14, 2016)...........25, 28

*In re Rader,*
488 B.R. 406, 416 (B.A.P. 9th Cir. 2013)............................24, 27

*In re Residential Capital, LLC,*
519 B.R. 890, 902 (Bankr. S.D.N.Y. 2014)..............................16

*In re Sequoia Village, LLC,*
2012 WL 478926 at *2 (Bankr. D. Or. Feb. 14, 2012)................25

*In re S.G. Phillips Constrs., Inc.,*
45 F.3d 702, 708 (2nd Cir. 1995)...........................................13

*In re Tronox,*
603 B.R. 712 at 726 (2019).................................................21

*In re U.S. Healthcare,*
159 F.3d 142, 146 (3d Cir.1998)..............................................6

*Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC),*
396 B.R. 885, 895 (Bankr. S.D.N.Y. 2008)............................18

*KeyBank v. Franklin Advisers, Inc.,*
600 B.R. 214 (S.D.N.Y. 2019)............................................21

*Parmalat Capital Finance Ltd. v. Bank of America Corp.,*
639 F.3d 572, 580 (2d Cir. 2011)................................17, 18, 20

*Post Investors LLC v. Gribble,*
2012 WL 4466619, at *5 (S.D.N.Y. Sept. 27, 2012)...................17

*Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.,*
277 B.R. 5, 16 (S.D.N.Y. 2002)............................................21

*Roseboro v. Garrison,*
     528 F.2d 309 (4th Cir. 1975)..................................................5

*Security Farms v. International Brotherhood of Teamsters, Chauffeurs,*
*Warehousemen & Helpers (In re Teamsters, Chauffeur, Warehousemen & Helpers*
*Union Local 890),*
     124 F.3d 999 (9th Cir. 1997)...............................12, 23, 24

*Schulman v. California (In re Lazar),*
     237 F.3d 967, 981 (9th Cir. 2001)......................................23

*Senorx, Inc. v. Coudert Bros., LLP,*
     2007 WL 1520966 at *3 (N.D. Cal. May 24, 2007)...............25, 27

*Sharif v. IndyMac Bank (In re Sharif),*
     411 B.R. 276, 280 (Bankr. E.D. Va. 2008)..............................14

*Silverman v. The City of New York (In re Leco Enterprises, Inc.),*
     144 B.R. 244, 251 (S.D.N.Y. 1992).....................................19

*Suntrust Bank v. Ferrell (In re Pluma),*
     No. 99-11104C-11G, 2000 WL 33673752, *2
     (Bankr. M.D.N.C. 2000)................................................19

*Vogel v. U.S. Office Products Co.,*
     258 F.3d 509, 514–15 (6th Cir. 2001)....................................5

*Williams v. Beemiller, Inc.,*
     527 F.3d 259, 265 (2d Cir. 2008)..........................................5

## Statutes and Rules

11 USC §362(d)...................................................................1, 31

28 U.S.C. § 158(a)(1).............................................................1

28 U.S.C. §1334(b)...............................................................15

28 U.S.C. §1334(c)(1)............................................................23

28 U.S.C. §1334(c)(2)……………………………………………………………23

28 U.S.C. §1452……………………………………………………………...……15

28 U.S.C. §1452(a)…………………………………………………………12, 14, 15

28 U.S.C. § 1452(b)………………………………………………………………13

Fed. R. Bankr. P. 8002(a)(1)…………………………………………………………1

Fed. R. Bankr. P. 9006(d)………………………………………………...………7

Fed. R. Bankr. P. 9006(f)………………………………………………………….7

Fed. R. Bankr. P. 9011………………………………………………………16

Fed. R. Bankr. P. 9014……………………………………………………15

Fed. R. Bankr. P. 9027(d)……………………………………………………15

Fed. R. Bankr. P. 9027(e)(3)……………………………………......6, 16

Local Bankruptcy Rule 9013-1(H)………………………………………....4

Local Bankruptcy Rule 9013-1(G)………………………………………....6

Local Bankruptcy Rule 9013-1(G)(3)……………………………...………...7

Local Bankruptcy Rule 9013-1(H)(3)………………………………...……6, 7

Local Bankruptcy Rule 9013-1(H)(3)(c)…………………………...……7

Local Bankruptcy Rule 9013-1(H)(3)(c)(i)…………………………………7

Local Bankruptcy Rule 9013-1(H)(3)(d)…………………………...……7

Local Bankruptcy Rule 9013-1(M)(5)…………………………………...…8

Local Bankruptcy Rule 9013-1(N)……………………………...………9

Local Bankruptcy Rule 9013-1(N)(3)…………………………………………....…9

Local Bankruptcy Rule 9013-1(O)………………………………………….…10

Local Civil Rule 7(K)………………………………………………………………5

**Other Authority**

1 Collier on Bankruptcy 3.05[2] (15th ed. rev. 2000)…………………………….…19

## STATEMENT OF APPELLATE JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear timely appeals from final judgments, orders, and decrees of bankruptcy judges.

The Order Granting Motion for Expedited Hearing and Motion to Remand [KLM 4152][1] was entered on the Bankruptcy Court's docket on December 20, 2023. Appellant filed a notice of appeal on January 2, 2024 [KLM 4162] for the Order Granting Expedited Hearing and Motion to Remand. Appellant's appeal was timely filed pursuant to Fed. R. Bankr. P. 8002(a)(1).

## STATEMENT OF THE ISSUES

Whether the Bankruptcy Court abused its discretion, made errors of fact, and/or made errors of law when it (a) granted the Motion for Expedited Hearing; (b) granted the Motion for Remand; (c) held that mandatory abstention is required; (d) held that permissive abstention is appropriate; (e) held that remand is appropriate; (f) modified the automatic stay imposed by section 362 of the Bankruptcy Code; and (g) failed to hold an evidentiary hearing on the matter of remand when the Bankruptcy Court had knowledge of Appellant's palpable concern that he cannot receive a fair trial in Powhatan Circuit Court.

---

[1] Bracketed numbers with the prefix KLM refer to Bates Numbers in the footer of the Appendix to the Brief of Appellant.

## STANDARD OF REVIEW

The standard of appellate review is *de novo* on issues of law, clearly erroneous on issues of fact and abuse of discretion on issues that are committed to the bankruptcy judge's discretion.

## STATEMENT OF THE NATURE OF THE CASE

Appellant and Appellees entered into a Central Virginia Multiple Listing Services Agreement dated February 25, 2022 (the "Agreement") whereby Appellant was to sell, and Appellees were to purchase, certain real property located within the County of Powhatan, Virginia (the "Property").   [KLM 1811] The Property is Appellant's primary residence.

After execution of the Agreement, Appellees breached the Agreement by making a separate offer to purchase the Property for less than the original contract price contrary to the terms of the Agreement. [KLM 1824] The Agreement terminated by its own terms. Appellees seek specific performance of the Agreement, damages, declaratory relief, and injunctive relief ("State Court Litigation"). [KLM 28] Appellant counterclaimed for breach of contract and declaratory relief. [KLM 283]

On October 5, 2023, Appellant sought the protection of the Bankruptcy Court by filing a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") which has been assigned case No. 23-33442-KRH. [KLM

2

4179] On November 20, 2023, Appellant removed the State Court Litigation to the Bankruptcy Court which commenced Adv. Pro. No. 23-03043-KRH. [KLM 8] This case is before the Court on appeal of the Bankruptcy Court's order granting Appellees' Motion for Expedited Hearing and Motion to Remand. [KLM 4152]

## STATEMENT OF FACTS

1.  Appellant is *Pro Se*[2345].

2.  Appellees, by and through counsel, filed a Motion for Remand [KLM 4116], Motion for Expedited Hearing on Motion for Remand [KLM 4132], and a Notice of Motion and Notice of Hearing [KLM 4140] on December 8, 2023 at 5:14 p.m., 5:16 p.m., and 5:18 p.m., respectively.

---

[2] As a *Pro Se* litigant, Appellant is prohibited from filing pleadings electronically in the Case Management/Electronic Case Files (CM/ECF).

[3] As a *Pro Se* litigant, Appellant must travel at least sixty-eight (68) miles roundtrip, as measured from his primary residence to the Clerk's Office of the United States Disctrict Court, Eastern District of Virginia, Richmond Division, to file his pleadings in paper format with the Clerk's Office of the United States Bankruptcy Court, Eastern District of Virginia Bankruptcy Court, Richmond Division or the Clerk's Office of the United States District Court, Eastern District of Virginia, Richmond Division, as applicable.

[4] Local Bankruptcy Rule 5005-1(D)(6) provides for the filing of pleadings transmitted by facsimile [KLM 5102]; however, the Clerk's Office of the United States Bankruptcy Court, Eastern District of Virginia Bankruptcy Court, Richmond Division has informed Appellant that he cannot transmit his pleadings via facsimile to the Clerk's Office of the United States Bankruptcy Court, Eastern District of Virginia Bankruptcy Court, Richmond Division.

[5] The Clerk's Office of the United States District Court, Eastern District of Virginia, Richmond Division has informed the Appellant that he is not able to submit filings via facsimle.

3

3.      The Notice of Motion and Notice of Hearing states, in part, [i]f you oppose the Motions, or if you want the Court to consider your views on this Motion, you or your attorney must: **ON OR BEFORE December 12, 2023**, file with the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division), 701 E. Broad Street, Courtroom 5000, Richmond, Virginia 23219, a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H)."

4.      Additionally, the Notice of Motion and Notice of Hearing states, in part, "PLEASE TAKE NOTICE that a hearing on the Motions will be held on **Wednesday, December 13, at 12:00 p.m.**"

5.      The Motion for Remand is laden with factual error, procedural error, and misapplication of the Federal Rules of Bankruptcy Procedure ("Federal Bankruptcy Rules"), Local Rules for the United States District Court Eastern District of Virginia ("Local Civil Rules"), and Local Rules for the United States Bankruptcy Court Eastern District of Virginia ("Local Bankruptcy Rules").

6.      Appellant incorporates herein by reference each of the facts and arguments recited in the Amended Opposition to the Motion to Dismiss. [KLM 4406]

## ARGUMENT

*Appellees Failed to Comply with Local Civil Rule Regarding Notice Under*
*Roseboro*

7.    The Motion for Remand fails to comply with Local Civil Rule 7(K) [KLM 4941] which provides, in part, that "[i]t shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of *Roseboro v. Garriso*n, 528 F.2d 309 (4th Cir. 1975). The warning shall state that: [t]he *pro se* party is entitled to file a response opposing the motion and that any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed…"

8.    Appellees did not provide Appellant sufficient time to prepare and submit a written response and memorandum opposing the Motion to Remand pursuant to Local Civil Rule 7(K).

9.    Appellant believes the Motion for Remand is a dispositive motion.

10.    Multiple federal circuits, including the second, third, sixth, and tenth circuits, have concluded that a Motion to Remand is a dispositive motion. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514–15 (6th Cir. 2001); *First Union Mortg. Corp. v.*

5

*Smith*, 229 F.3d 992, 996 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998).

*Appellees Failed to File Statement Pursuant to Federal Bankruptcy Rule 9027*

11.    Appellees failed to file a statement as to whether they do or do not consent to entry of final orders or judgment by the bankruptcy judge pursuant to Federal Bankruptcy Rule 9027(e)(3) no later than 14 days after the filing of the notice of removal, which was filed on November 20, 2023.

12.    Appellees failed to file their statement admitting or denying any allegation in the notice of removal asserting that the proceeding is core or non-core not later than 14 days after the filing of the notice of removal pursuant to Federal Bankruptcy Rule 9027(e)(3).

*Appellees Failed to Comply with Local Bankruptcy Rule 9013*

13.    Appellees failed to provide Appellant sufficient time to prepare and submit a written response and memorandum opposing the Motion to Remand pursuant to Local Bankruptcy Rule 9013-1(G). [KLM 5134]

14.    Appellees failed to serve notice of a hearing date issued by the Court within 7 days of issuance pursuant to Local Bankruptcy Rule 9013-1(H)(3). [KLM 5136]

15.    Local Bankruptcy Rule 9013-1(H)(3) states, in part, "[t]he movant must file and serve notice of a hearing date issued by the Court within 7 days of issuance. If the movant fails to timely notice the hearing date, the hearing will not be convened, and the movant must file a written request for a new hearing date."

16.    Federal Bankruptcy Rule 9006(d) provides that "[a] written motion, other than one which may be heard ex parte, and notice of any hearing shall be served not later than seven days before the time specified for such hearing".

17.    Local Bankruptcy Rule 9013-1(H)(3)(c) states, in part, "[t]he movant is responsible for selecting a hearing date sufficient to allow the applicable response deadline (see LBR 9013-1(G)(3)) and any additional time required under Federal Rule of Bankruptcy Procedure 9006(f) to elapse prior to the scheduled hearing and to afford any notice of the hearing required under the Federal Rules of Bankruptcy Procedure or these Local Bankruptcy Rules."

18.    Local Bankruptcy Rule 9013-1(H)(3)(c)(i) states, in part, "[a] hearing may not be set by a party on less that 14 days' notice unless the Court grants a motion requesting an expedited hearing pursuant to paragraph (N) of this Local Bankruptcy Rule."

19.    Local Bankruptcy Rule 9013-1(H)(3)(d) states, in part, "[i]f the date, time, and/or location in a notice of hearing is incorrect or does not comply with the applicable rules, the hearing on a matter may not appear on the Court docket."

20.   Local Bankruptcy Rule 9013-1(M)(5) states, in part, "[t]he notice of any hearing that is set on an expedited basis under paragraph (N) of this Local Bankruptcy Rule shall, as soon as possible, be filed with the Court and served on all required parties using a method reasonably calculated to provide timely notice to all affected parties. Such notice shall provide the hearing date, time, and location, as well as the applicable response period under paragraph (G)(3)(a)(ii)."

21.   Appellees filed the Notice of Hearing less than ninety-five (95) hours prior to the deadline stated in the Notice of the Hearing for Appellant to respond to the Motion to Remand.

22.   By comparison, Appellees' counsel filed the Motion to Remand, Motion to Expedite Hearing, and Notice of Hearing more than two hundred and twenty (220) hours after the November 29, 2023 hearing concluded.

23.   By further comparison, this Court filed its Order Granting Motion to Expedited Hearing and Motion to Remand approximately one hundred and forty (140) hours after the December 13, 2023 Hearing.

24.   Appellees' counsel and this Court should be well versed in the Local Civil Rules, Local Bankruptcy Rules, and the Federal Bankruptcy Rules.

25.   Appellant is a *Pro Se* litigant and is not well versed in the Local Civil Rules, Local Bankruptcy Rules, and the Federal Bankruptcy Rules.

8

26.    It is extremely prejudicial to Appellant, and simply unfair, to require a proper and full response to the Motion for Remand within less than ninety-five (95) hours when Appellees' counsel needed two hundred-twenty (220) hours to prepare the Motion to Remand and the Motion to Expedite Hearing and the Court itself needed one hundred forty (140) hours to prepare the Order Granting Motion for Expedited Hearing and Motion to Remand.

27.    Local Bankruptcy Rule 9013-1(N) states, in part, "[a] motion requesting an expedited hearing shall be served, along with the underlying motion on which expedited consideration is sought, using a method reasonably calculated to provide timely notice to all affected parties, specify the date by which a hearing is requested, why a hearing is needed on an expedited basis, and accompanied by a certification verifying that the proponent: (1) has carefully examined the matter and concluded that there is a true need for an expedited hearing; (2) has not created the emergency through any lack of due diligence; and (3) has made a *bona fide* effort to resolve the matter without hearing." [KLM 5140]

28.    Appellees did not provide the proper certification pursuant to Local Bankruptcy Rule 9013-1(N)(3). [KLM 4136]

29.    In fact, Appellees made no *bona fide* effort to resolve the matter without a hearing.

9

30.     Local Bankruptcy Rule 9013-1(O) states, in part, "[a] request to shorten a notice period must be made by motion, which may be combined with a request for expedited hearing under paragraph (N) hereof, if application, that (a) is filed concurrently with the notice of the underlying motion containing the shortened notice period; and (b) states the reason(s) why shortened notice of the underlying motion is necessary." [KM 5140]

31.     Appellees did not file a Motion to Request to shorten a notice period.

32.     This Court erred in considering a motion on an expedited basis which is an extraordinary remedy that should be reserved for true emergencies.

*The Bankruptcy Court Failed to Hold An Evidentiary Hearing*

33.     Appellant believes that an evidentiary hearing on the Motion for Remand is necessary. [KLM 4144]

34.     Appellant believes that any evidentiary hearing on the Motion for Remand will last more than one hour. [KLM 4144]

35.     Appellant believes that any evidentiary hearing on the Motion for Remand will require witnesses to testify and the introduction of evidence. [KLM 4144]

36.     Appellant previously proposed the hearing on the Motion for Remand be scheduled for January 24, 2024 to enable an appropriate amount of time for witnesses to be subpoenaed. [KLM 4144]

37.     Appellant previously proposed that a deadline of January 10, 2024 be established for the parties to identify, with reasonable particularity, and serve on the adverse party, proposed evidentiary exhibits and witnesses in a written disclosure. [KLM 4144]

38.     Appellant believes that the Bankruptcy Court should have set this matter for an evidentiary hearing on the schedule proposed by Appellant.

39.     Appellant deserves equal protection under the law.

40.     Appellant believes that his civil rights have been abridged by Teresa Dobbins (Clerk), Paul W. Cella (Judge), and the County of Powhatan Circuit Court. [KLM 4713, 4717, 4744, 4752, 4768, 4781]

41.     Appellant believes that his civil rights will be abridged by Teresa Dobbins (Clerk), Paul W. Cella (Judge), and the County of Powhatan Circuit Court if this matter is remanded to the County of Powhatan Circuit Court.

42.     This Court has jurisdiction over this matter and should not remand it to the County of Powhatan Circuit Court.

43.     It has not escaped Appellant's notice that neither the Powhatan Circuit Court; nor the Virginia Supreme Court; nor the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division, through an Adversary Proceeding, is willing or wanting to take evidence on Appellant's claims that his

11

civil rights have been abridged even with knowledge that Appellant believes that he is unable to get a fair trial in Powhatan Circuit Court.

44.    This Court should consider federal civil rights law when and where implicated in this matter.

45.    Furthermore, Judge Paul W. Cella and Teresa Dobbins are listed as potential creditors with unliquidated, contingent claims in Appellant's Bankruptcy Schedules. [KLM 4340, 4346]

46.    Judge Paul W. Cella may be considered a party in interest and therefore may not be impartial on that basis as well.

*Mandatory Abstention and Permissive Abstention are not Applicable*

47.    In a decision by the Ninth Circuit Court of Appeals, the court explained when a court should use abstention analysis and when a court should use remand analysis. See *Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers (In re Teamsters, Chauffeur, Warehousemen & Helpers Union Local 890)*, 124 F.3d 999 (9th Cir. 1997).

48.    In *Security Farms*, one of the parties removed a state court action to federal district court pursuant to 28 U.S.C. § 1452(a) and a motion for abstention was filed in the federal court. The district court denied the motion to abstain. On appeal, the Ninth Circuit concluded that because the case was removed from state

court to federal court, the abstention provisions were inapplicable. Id. at 1009. The

court stated:

> [a]bstention can exist only where there is a parallel proceeding in state
> court. That is, inherent in the concept of abstention is the presence of
> a pendent state action in favor of which the federal court must, or
> may, abstain. See, e.g., *In re S.G. Phillips Constrs., Inc.*, 45 F.3d 702,
> 708 (2nd Cir. 1995)(including as a requirement for mandatory
> abstention the presence of a previously commenced state action).

49.   To require a pendent state action as a condition of abstention

eliminates any confusion with 28 U.S.C. § 1452(b), which provides district courts

with the authority to remand civil actions properly removed to federal court, in

situations where there is no parallel proceeding.

50.   When an action is removed from state court to federal court, the state

proceeding is extinguished, and no related proceeding exists in state court as of

that time. Id. at 1010.

51.   "If [the] Court were to abstain, nothing would happen because there is

only one lawsuit. What movant really seeks is remand ... back to state court." See

*In re Duval County Ranch Co.*, 167 B.R. 848, 849 (Bankr. S.D.Tex. 1994).

52.   In this case, the abstention provisions are not applicable.

53.   Appellant removed this action from the Powhatan Circuit Court to the

bankruptcy court.

13

54.    Thus, the Powhatan Circuit Court proceeding was extinguished and if the bankruptcy court abstained, nothing would happen.

55.    Appellees therefore seek to remand the proceeding to the local court.

*Appellees' Right to Relief Necessarily Depends on Resolution of a Substantial Question of Federal Law*

56.    "A civil proceeding 'arises under' the Bankruptcy Code when 'federal [bankruptcy] law creates the cause of action or ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.'" *In re LandAmerica Fin. Grp., Inc.*, No. 08-35994-KRH, 2011 WL 203986, at *2 (Bankr. E.D. Va. Jan. 21, 2011) (citing *Sharif v. IndyMac Bank (In re Sharif)*, 411 B.R. 276, 280 (Bankr. E.D. Va. 2008)).

57.    It is beyond question that the question of whether the Agreement is an executory contract that can be rejected under 365 implicates a question of federal bankruptcy law.

58.    28 U.S.C. §1452(a) provides as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

59.    As the title to 28 U.S.C. §1452 itself indicates ("Removal of Claims related to bankruptcy cases"), matters that can be removed include claims "related to" a bankruptcy case within the meaning of 28 U.S.C. §1334(b).

60.    Here, there is no dispute as to the timeliness of removal of the State Court Litigation to federal court.

61.    The State Court Litigation was properly and timely removed.

62.    The State Court Litigation is related to the bankruptcy case.

63.    A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a motion to remand in the bankruptcy court.

64.    As provided in Federal Bankruptcy Rule 9027(d), a motion to remand will be governed by Federal Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

65.    Any party filing a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, must file a statement admitting or denying any allegation in the notice of removal asserting that the proceeding is core or non-core.

66.    If such statement asserts that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge.

67.     Such statement shall be signed pursuant to Federal Bankruptcy Rule 9011 and shall be filed not later than 14 days after the filing of the notice of removal.

68.     A copy of such statement shall be mailed to every other party to the removed claim or cause of action pursuant to Federal Bankruptcy Rule 9027(e)(3).

69.     Appellees filed no such a statement within 14 days after the filing of the notice of removal.

*Mandatory Abstention*

70.     Mandatory abstention requires six conditions to be satisfied: (1) the abstention motion is timely, (2) the action is based on a state law claim, (3) the action is "related to" a bankruptcy proceeding but does not "arise under" the Bankruptcy Code, (4) federal bankruptcy jurisdiction is the sole basis of federal jurisdiction for the action, (5) the action was commenced in state court, and (6) the action can be timely adjudicated in state court. *See In re Residential Capital, LLC*, 519 B.R. 890, 902 (Bankr. S.D.N.Y. 2014); *In re Bradlees, Inc.*, 311 B.R. 29, 34 (Bankr. S.D.N.Y. 2004). The party opposing abstention bears the burden of showing that mandatory abstention is not warranted. *See In re AOG Entm't, Inc.*, 569 B.R. at 573.

71.     Appellant disputes that all six factors are satisfied.

72.     Appellant disputes that the abstention motion is timely and Appellant disputes that the action can be timely adjudicated in state court.

73.     Appellant will focus on the last factor of timely adjudication.

74.     The Second Circuit evaluates four factors when considering timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate. *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 580 (2d Cir. 2011).

75.     In considering the first two factors, the Second Circuit has noted that timeliness "requires a comparison of the time in which the respective state and federal forums can reasonably be expected to adjudicate the matter." *Id.* Thus, a court should consider the relative backlogs of the state and federal court calendars. *See id.* A state court, however, may still be a timely forum, even if it will require more time to adjudicate an action than a federal court, as long as the bankruptcy proceedings will not be hindered by the delay. *See Post Investors LLC v. Gribble*, 2012 WL 4466619, at \*5 (S.D.N.Y. Sept. 27, 2012); *Allstate Ins. Co. v. Credit Suisse Securities (USA) LLC*, 2011 WL 4965150, at \*7 (S.D.N.Y. Oct. 19, 2011).

17

76.     Here, the Powhatan Circuit Court has scheduled a trial regarding the Agreement for May 20, 2024, which is five months from the entry of the Order Granting Motion for Expedited Hearing and Motion for Remand.

77.     The Bankruptcy Court has continually continued hearings of motions, including the Confirmation of the Plan, while awaiting Appellees chosen trial date of May 20, 2024.

78.     This continued delay is prejudicial to the Appellant and is prejudicial to the adjudication of the Appellant's estate in Bankruptcy Court and is prejudicial to Appellant's ability to reorganize.

79.     The Bankruptcy Court or this Court can easily adjudicate the dispute regarding the Agreement without delay, especially if Appellant's request to reject the Agreement as an executory contract is granted.

80.     Regarding the third factor, the court must consider whether the state law claims need to be quickly resolved because of an ongoing bankruptcy proceeding. *See Parmalat*, 639 F.3d at 581. In a Chapter 11 liquidation proceeding, like a Chapter 7 proceeding, timely adjudication can be weighed relatively lightly because there is no reorganization plan and less administrative urgency. *See Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 895 (Bankr. S.D.N.Y. 2008) ("in 'a chapter 11 case with a confirmed liquidating plan, where the primary concern is the orderly accumulation and distribution of assets, the

18

requirement of timely adjudication is seldom significant'"); *see also Silverman v. The City of New York (In re Leco Enterprises, Inc.)*, 144 B.R. 244, 251 (S.D.N.Y. 1992). "If the lawsuit will not prolong the administration of the bankruptcy case, it supports the position that it can be timely adjudicated in state court." *In re AOG Entm't, Inc.*, 569 B.R. at 580.

81.    However, this case is Chapter 13 proceeding in which timely adjudication should be weighed heavily because there is a reorganization plan and an administrative urgency.

82. Indeed, "[t]imely adjudication is not measured against an absolute time guideline, but rather measured by the needs of the bankruptcy case." *In re 3G Properties, LLC*, No. 10-04763-8-JRL, A.P. No. 10-00178-8-JRL, 2010 WL 4027770, at *3 (Bankr. E.D.N.C. 2010), (citing *Suntrust Bank v. Ferrell (In re Pluma)*, No. 99-11104C-11G, 2000 WL 33673752, *2 (Bankr. M.D.N.C. 2000) (citing 1 Collier on Bankruptcy 3.05[2] (15th ed. rev. 2000)). Consequently, "[e]ven if a related proceeding could be adjudicated in state court in a short time, that adjudication may not be timely 'if that amount of delay would prejudice the bankruptcy case.'" *Id.*

83. Here, a scheduled trial date of May 20, 2024 in Powhatan Circuit Court cannot be construed as a timely adjudication, where the Bankruptcy Court could likely adjudicate the matter with a week's notice.

84.     Finally, in assessing the fourth factor, the court considers whether the state court proceeding would prolong the administration of the estate. *See Parmalat*, 639 F.3d at 581. In so doing, the Second Circuit has considered: "(i) whether the district court is concurrently charged with administration of the bankruptcy estate; (ii) close connections between the defendants in the action and the debtor; and (iii) the complexity of the litigation." *BCG Partners, Inc. v. Avison Young (Canada), Inc.*, 919 F. Supp. 2d 310, 320 (S.D.N.Y. 2013).

85.     Undoubtedly, awaiting the trial in the State Court Litigation is prolonging the administration of Appellant's estate in the Bankruptcy Court and the delay is prejudicial to the Appellant.

86.     Therefore, not only does mandatory abstention not apply to this matter because there is no parallel proceeding in state court from which to abstain, but if mandatory abstention were available, it would fail to apply because not all six factors are satisfied.

*Permissive Abstention and Equitable Remand Are Inappropriate Under the Facts and Circumstances of This Case*

87.     The alternative relief of permissive abstention and equitable remand should be denied. As the factors for both overlap significantly, courts analyze them together. *See Deutsche Oel & Gas*, 2020 U.S. Dist. LEXIS at *35.

88.     Courts have considered one or more, but not necessarily all, of the twelve factors. *In re Tronox*, 603 B.R. 712 at 726.

89.     The factors require a "complex assessment of what makes good sense under the totality of the circumstances" and ask courts to balance "efficient bankruptcy administration against the interest of comity between state and federal courts." *Id.*

90.     Under the totality of the circumstances, the overwhelming majority of factors that are applicable—weigh heavily against abstention and remand.

91.     Appellees' state-law based claims are not novel or complex, which "significantly undercuts" the degree to which the state law factor weighs in favor of remand. *Renaissance Cosmetics, Inc. v. Dev. Specialists Inc.*, 277 B.R. 5, 16 (S.D.N.Y. 2002); *see also In re DPH Holdings Corp.*, 2013 U.S. Dist. LEXIS 108669, at *33 ("Abstention is appropriate primarily where there are novel state-law claims that involve arcane or idiosyncratic provisions of state law." (citations omitted)).

92. Therefore, comity is not offended. *See Keybank Nat'l Ass'n*, 600 B.R. at 233.

*Resolution of Bankruptcy Case Depends Upon Outcome of State Court Litigation*

93. The resolution of the bankruptcy case will depend upon the outcome of the State Court Litigation. In the context of plan confirmation, the Bankruptcy Court has been called upon to address issues relating to the State Court Litigation, including rejection of the contract pursuant to Section 365 of the Bankruptcy Code [KLM 4394], and potentially including estimation of Appellees' claims against the Appellant.

94. Moreover, the Bankruptcy Court is already more familiar with the Appellant and with the dispute between the Appellant and Appellees than is the Powhatan Circuit Court, which has not held any proceeding of import in more than six months regarding this matter.

95. The Bankruptcy Court has represented that it has reviewed the entirety of the case file and is therefore likely more familiar with the case and the contents of the case file than the state court.

96. Appellant has raised concerns regarding the fitness of the state court judge to preside over the State Court Litigation due to potential bias and lack of impartiality.

97. Appellant believes that it will be much more efficient, considerably less expensive, and will avoid duplication of effort by the parties and the courts for the State Court Litigation to proceed in this Court or the Bankruptcy Court.

*Appellant's Removal and Transfer of the State Court Litigation to the Bankruptcy Court*

98. In light of the Appellant's bankruptcy filing, the clear nexus between the chapter 13 case and the State Court Litigation, and the fact that the Bankruptcy Court will inevitably be called upon to address matters relating to the State Court Litigation, Appellant determined that it would be most efficient to remove the State Court Litigation to federal court and seek to transfer it to the Bankruptcy Court.

99. Accordingly, on November 20, 2023, Appellant removed the State Court Litigation to the United States District Court for the Eastern District of Virginia. Because the State Court Litigation has been removed from state court, there is no longer a pending state court proceeding.

*Abstention Does Not Apply Once Litigation Is Removed from State Court*

100. As previously discussed, once a proceeding has been removed from state court, abstention under 28 U.S.C. § 1334 no longer applies because removal extinguishes the predicate state court action. *Schulman v. California (In re Lazar)*, 237 F.3d 967, 981 (9th Cir. 2001) (upon removal of a state court action, no state proceeding exists, "[a]ccordingly, because there is no pending state proceeding, §§ 1334(c)(1) and 1334(c)(2) are simply inapplicable to this case."); *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999 (9th Cir. 1997) ("Abstention can exist only

23

where there is a parallel proceeding in state court."). The doctrine set forth in

*Lazar* and *Security Farms* applies to both mandatory and discretionary abstention.

101.    As a matter of law, Appellees did not file a Motion for Abstention.

102.    As a matter of law, Appellees filed a Motion for Remand.

103.    Even if the Motion for Remand is considered a Motion for

Abstention, there is no pending state court action with respect to which this Court

can consider the Appellant's abstention motion. Abstention is inapplicable as a

matter of law, and the Court should therefore vacate the Bankruptcy Court's

abstention determination.

*The Court Should Vacate the Bankruptcy Court's Remand Order*

104.    Courts have discretion in considering a remand request, and in

doing so generally apply a multi-factor analysis.

105.    Denying remand will allow more efficient administration of the

Appellant's estate.

106.    This Court should retain jurisdiction of the State Court Litigation

because doing so will result in more efficient administration of the Appellant's

estate.

107.    "The 'centralized resolution of bankruptcy claims' and 'the

avoidance of piecemeal litigation' are fundamental purposes of the Bankruptcy

Code." *In re Rader*, 488 B.R. 406, 416 (B.A.P. 9th Cir. 2013).

24

108.    Here, the Appellant believes that the State Court Litigation is a critical element of his bankruptcy case.

109.    Resolution of the State Court Litigation could result in Appellees' holding a substantial claim against the Appellant, making Appellees by far the largest creditor.

110.    Alternatively, if the Appellant were to obtain a recovery against Appellees, any such recovery would be property of the estate.

111.    Either way, the State Court Litigation could have a substantial impact on the Appellant's estate, and the size of the potential claims justifies denial of remand. *Senorx, Inc. v. Coudert Bros., LLP*, 2007 WL 1520966 at *3 (N.D. Cal. May 24, 2007) (denying motion to remand in part because "the resolution of this case will have a significant effect on the bankruptcy estate ... [t]he large amount of money at stake in this litigation has the potential to greatly reduce the bankruptcy estate and constitutes a significant potential liability for the debtor."); *In re Neel*, 2016 WL 3922904 at *4 (Bankr. D. Or. June 14, 2016); *In re Sequoia Village, LLC*, 2012 WL 478926 at *2 (Bankr. D. Or. Feb. 14, 2012) ("As the bankruptcy cases...depend on the outcome of the matters under litigation, it would serve the best interests of both bankruptcy estates if the matter were heard by the same court with the same timetable."); *In re AmericanWest Bancorporation*, 2011 WL 6013779 at *2-3 (Bankr. E.D. Wash. Dec. 2, 2011) (where litigation claims would

25

have a substantial impact on creditor recoveries, the effect of the litigation on the
bankruptcy favored denial of remand).

112.     As a result of the proceedings to date, the Bankruptcy Court has
been provided substantial background concerning the State Court Litigation, as
well as information concerning the Appellant and his business, his creditors, and
other parties in the case. At this point, this Bankruptcy Court is far more familiar
with the Appellant's circumstances, as well as with the State Court Litigation, than
the Powhatan Circuit Court.

113.     As the Appellant's chapter 13 case proceeds, the Bankruptcy Court
will continue to gain familiarity with the Appellant and with issues bearing on the
State Court Litigation.

114.     As a result, the Bankruptcy Court will be in as good, or better,
position than a state court to conduct the State Court Litigation. *See In re Maria
Vista Estates*, 2016 WL 1381769 at *12 (Bankr. C.D. Cal. Apr. 5, 2016)
(bankruptcy court stated that because of its familiarity with the debtor, "retention
of the proceeding will promote judicial economy and facilitate the efficient
administration of the ... bankruptcy case.").

115.     Indeed, even if the State Court Litigation were to be remanded to
state court, the Bankruptcy Court is likely to be called upon to delve into its merits,
including in connection with potential claim estimation proceedings, Appellees'

26

treatment under a plan, feasibility issues which may depend upon an evaluation of the State Court Litigation, and in other respects.

116.    Remand would thus result in two different courts dealing with the State Court Litigation. That is not efficient.

117.    For all of these reasons, the Bankruptcy Court or this Court is the most efficient venue for the State Court Litigation to proceed.

118.    Retaining jurisdiction over the State Court Litigation will further the bankruptcy policy of providing a forum for the "centralized resolution of bankruptcy claims" and "the avoidance of piecemeal litigation." *In re Rader*, 488 B.R. at 416.

> *The Bankruptcy Court Can Determine and Apply State Law in the Litigation*

119.    "Despite the presence of state law claims and the need to interpret a state statute, bankruptcy courts are capable of resolving issues of state law ...." *Senorx, Inc. v. Coudert Bros., LLP*, 2007 WL 1520966 at *3.

120.    The contract claims are straightforward issues involving contractual interpretation and the calculation of damages, if any, owed to either party.

121.    Bankruptcy courts are frequently called on to determine parties' contractual rights and resulting damages under applicable non-bankruptcy law, whether as part of the claims allowance process, in connection with motions to assume or reject executory contracts or, as here, in adversary proceedings.

27

122.     There is no reason that the Bankruptcy Court cannot resolve similar issues with respect to the contractual dispute between Appellees and Appellant.

*The State Court Litigation is Closely Related to the Bankruptcy Case*

123.     Any damages awarded Appellees in the State Court Litigation are potentially among the Appellant's largest liabilities, and the outcome of the State Court Litigation will have a significant – perhaps dispositive – impact on the Appellant's bankruptcy case.

124.     Appellees' claim will have to be dealt with in any chapter 13 plan. In addition, as discussed above, the Bankruptcy Court may be asked to estimate Appellees' claim pursuant to the Bankruptcy Code. And, to the extent the Appellant obtains any recovery from Appellees in excess of Appellees' recovery from the Appellant, that could be a source of funding for payment of creditors.

125.     The Court may also need to evaluate the State Court Litigation in connection with a plan feasibility analysis and potentially also in connection with other confirmation issues.

126.     Indeed, it is unlikely that the Appellant's bankruptcy will be resolved *without* resolution of the State Court Litigation. Under these circumstances, "[a] closer connection is virtually unimaginable." *In re Neel*, 2016 WL 3922904 at *5 (noting close connection of removed litigation to the debtor's bankruptcy case as a factor weighing against remand).

28

*There is No Benefit to Severing State Law Matters*

127.     Whether it is feasible to sever state law matters, there is no benefit to doing so considering the inextricable relationship between the State Court Litigation and the Appellant's bankruptcy case. There would be no advantage to the Bankruptcy Court, the parties to the State Court Litigation, or the Appellant's creditors in putting the Appellant's bankruptcy in limbo while the State Court Litigation is remanded to state court, only to have the ultimate outcome of that State Court Litigation enforced in the Bankruptcy Court.

128.     Retaining jurisdiction over the State Court Litigation will permit the Bankruptcy Court to schedule hearings, set deadlines, and otherwise administer the State Court Litigation and the Appellant's bankruptcy case in a uniform manner, without the inefficiency inherent in attempting to coordinate proceedings with the state court.

*The State Court Litigation Will Not Unduly Burden the Bankruptcy Court's Docket*

129.     Retaining jurisdiction over the State Court Litigation will require some of this Bankruptcy Court's resources. But that fact cannot possibly be a basis for remand, or else every removed case would be remanded, because every litigation takes up some of the court's time.

130.     This State Court Litigation should not unduly burden the Bankruptcy Court's docket; it is a discrete dispute focused on issues of contractual interpretation.

131.     Efficiency and avoidance of duplicated effort was the motivation behind Appellant's decision to remove and to seek transfer of the State Court Litigation.

132.     While the amounts at stake in the State Court Litigation are substantial to Appellant, Appellant does not anticipate that the State Court Litigation would require an inordinate amount of the Bankruptcy Court's time, in comparison to complex civil litigation matters that the Court doubtless has had before it.

133.     Moreover, given the relationship between the State Court Litigation and the Appellant's bankruptcy case, it is inevitable that the Bankruptcy Court would have significant involvement with issues relating to the State Court Litigation even if the State Court Litigation were remanded.

134.     In addition to the issues discussed above that are likely to arise in connection with plan confirmation – which will require the Bankruptcy Court's substantive attention to the State Court Litigation and Appellees' claims therein – the Bankruptcy Court will be also called upon to address applications for professional retention and compensation relating to the State Court Litigation, and

consideration under Bankruptcy Rule 9019 of any settlement that may be reached in the State Court Litigation.

135.    If the State Court Litigation is pending in the Bankruptcy Court, it will be easier for those and other interested parties to monitor the proceedings and attend hearings as they deem appropriate. Given the central role that the State Court Litigation will play in the chapter 13 case, that fact weighs against remand.

*No Statutory Basis for Modification of Automatic Stay Articulated*

136.    11 U.S.C. §362(d) states, in part, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2 )with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

137.    The Bankruptcy Court did not articulate the statutory basis for modifying the automatic stay.

138.    The modification of the automatic stay should be vacated.

139.    The Appellant has equity in the Property.

140.    The Property is necessary to an effective reorganization.

31

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court has a strong and overwhelming interest in adjudicating the State Court Litigation in federal court. Mandatory abstention, permissive abstention, and equitable remand are inappropriate, inapplicable, and unwarranted. Appellant respectfully requests that this Court vacate the Bankruptcy Court's Order Granting Motion for Expedited Hearing and Motion to Remand, retain federal jurisdiction over the State Court Litigation for further proceedings in this Court or in the Bankruptcy Court, and afford such other relief as is just and appropriate.

Dated: March 7, 2024                    Respectfully submitted,


_____
Karl L. Malloy
1600 Mill Quarter Road
Powhatan, Virginia 23139
Phone: (804) 528-1640
Fax: (804) 325-1092
Email: malloy@post.harvard.edu

*Pro Se*

## CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 8015(a)(7)

1. This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 7,868 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 Word in 14-point Times New Roman font.

Dated: March 7, 2024                     Respectfully submitted,

_____
Karl L. Malloy
1600 Mill Quarter Road
Powhatan, Virginia 23139
Phone: (804) 528-1640
Fax: (804) 325-1092
Email: malloy@post.harvard.edu

*Pro Se*

33

## **CERTIFICATION**

I declare under penalty of perjury that no attorney licensed in the

Commonwealth of Virginia has prepared, or assisted in the preparation of this

document.

Dated: March 7, 2024                    Respectfully submitted,


Karl L. Malloy
1600 Mill Quarter Road
Powhatan, Virginia 23139
Phone: (804) 528-1640
Fax: (804) 325-1092
Email: malloy@post.harvard.edu

*Pro Se*

34

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March 2024, a true and correct copy of the foregoing was filed with the Court and served by first-class mail, postage prepaid, to the following parties:

Christopher L. Perkins
Eckert Seamans Cherin & Mellott, LLC
919 E. Main Street, Suite 1300
Richmond, Virginia 23219

E. Duffy Myrtetus
Eckert Seamans Cherin & Mellott, LLC
919 E. Main Street, Suite 1300
Richmond, Virginia 23219

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, Virginia 23218

Michael T. Freeman
Assistant U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, Virginia 22314

_____
Karl L. Malloy
1600 Mill Quarter Road
Powhatan, Virginia 23139
Phone: (804) 528-1640
Fax: (804) 325-1092
Email: malloy@post.harvard.edu

*Pro Se*

35