Case No. 3:24-cv-0002 (HML)

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### KARL LINARD MALLOY, Appellant.

_____

### KRISTIN E. SCHELIN AND MARK A. WATSON, Plaintiffs

### v.

### KARL LINARD MALLOY, Defendant.

### ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Adversary Proceeding No. 23-03043-KRH

_____

### OPENING BRIEF OF APPELLEES

_____

Christopher L. Perkins (VSB No. 41783)
ECKERT SEAMANS CHERIN &
MELLOTT, LLC
919 E. Main Street, Suite 1300
Richmond, Virginia 23219
Phone: 804.788.9636
Email: cperkins@eckertseamans.com

*Counsel for Kristin E. Schelin and Mark*
*    A. Watson*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................. iii

**INTRODUCTION** .............................................................................................. 1

**STATEMENT OF JURISDICTION** .................................................................. 1

**STATEMENT OF THE ISSUES** ....................................................................... 1

**STANDARD OF REVIEW** ............................................................................... 1

**STATEMENT OF THE CASE** ......................................................................... 2

**SUMMARY OF ARGUMENT** ........................................................................ 7

**ARGUMENT** ................................................................................................... 8

   I.    The Bankruptcy Court Committed No Reversible Procedural Error in Granting the Motion for Remand ................................................................. 8

    A. Appellant's citations to the Local Rules and *Roseboro* are unpersuasive. ..10

    B. Federal Bankruptcy Rule 9027(e) is irrelevant to this pending appeal........11

    C. The Bankruptcy Court  properly exercised its discretion over its own docket by scheduling the December Hearing.............................................12

    D. Appellant was able to present evidence at the December Hearing. .............15

  II.    The Bankruptcy Court correctly applied the relevant analysis to substantively find that remand was mandatory and appropriate................17

    A. The Bankruptcy Court properly granted the Motion for Remand based on mandatory abstention under 28 U.S.C. § 1334(c)(2). ...................................17

      *i.*    Appellant improperly relies on law that courts in this circuit have rejected to argue that abstention is barred when a case is removed to a bankruptcy court ........................................................................17

        a.  The State Court Action may be timely adjudicated in the state court...................................................................................................19

        b.  The State Court Action is a non-core bankruptcy proceeding.......20

    B. Alternatively, the Bankruptcy Court correctly applied the twelve-factor test for permissive abstention.............................................................................23

    C. Alternatively, the Bankruptcy Court correctly ordered remand on equitable grounds. ........................................................................................................26

**CONCLUSION**..................................................................................................28

# TABLE OF AUTHORITIES

## Cases

*Allen County Bank & Trust Co. v. Valvmatic Inern. Corp.*, 51 B.R. 578
(N.D. Ind. 1985)………………………………….………………26-27

*Anderson v. Bessemer City*, 470 U.S. 564 (1985)..................................…..2

*Barge v. W. S. Life Ins. Co.*, 307 B.R. 541 (S.D.W. Va. 2004)……………...…12

*Blanton v. IMN Fin. Corp.*, 260 B.R. 257 (M.D. N.C. 2001)……………………….24

*Clarke & Assocs., Inc. v. Runsted*, 480 F. Supp. 3d 1333
(D. Utah 2020)…………….……………………………………..9, 15

*Claughton v. Mixson*, 33 F.3d 4 (4th Cir. 1994)…….............................................28

*Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895
(4th Cir. 1996).………………………………………………………...…2

*Hills v. Hernandez*, No. CIV. A. 98-1108, 1998 WL 241518
(E.D. La. May 12, 1998)…………….………………………………27

*In re LandAmerica Fin. Grp., Inc.*, No. 08-35994-KRH, 2011 WL 203986 (Bankr.
E.D. Va. Jan. 21, 2011)…………………………………...…..21, 24

*In re Poplar Run Five Ltd. P'ship*, 192 B.R. 848, 1995 WL 584602 (Bankr. E.D. Va.
1995)……………………………………………………………..20-21

*In re Robertson*, 206 B.R. 826, 1996 WL 858478 (Bankr. E.D. Va. 1996)………14

*In re Runkle*, No. 17-35008-KLP, 2018 WL 6438692 (Bankr. E.D. Va. Dec. 6,
2018)……………...………………………………………………27

*In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999)…………….……………17

*Hoekstra v. United States (In re Hoekstra)*, 225 B.R. 285 (E.D. Va. 2000)..……...2

*Kepley Broscious, PLC v. Ahearn (In re Ahearn)*, 318 B.R. 638, 2003 WL 23957200
(Bankr. E.D. Va. 2003)…….…………………………………………17, 23, 24

*Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Services
U.S., LLC*, 469 F. Supp. 3d 505, 2020 WL 3473641 (E.D. Va. 2020)……...2

*Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641 (E.D. Va. 2022)..….2

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975)…………………………...10

*Security Farms v. International Brotherhood of Teamsters, Cheauffeurs,
Warehousemen & Helpers (In re Teamsters, Cheauffeurs, Warehousemen
& Helpers Union Local 890)*, 124 F.3d 999 (9th Cir. 1997)……..…………17

*Seven Springs, Inc. v. Abramson (In re Seven Springs, Inc.)*, 148 B.R. 815
(Bankr. E.D. Va. 1992)……………………………………………….…19

*Sharif v. IndyMac Bank (In re Sharif)*, 411 B.R. 276
(Bankr. E.D. Va. 2008)…………………………………………………...21

*Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637
(4th Cir. 2004). ..........................................................................................….2

*Tex. Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.)*,
260 B.R. 832 (Bankr. S.D. Tex. 2001)…………………………………...8-9, 14-15

*Textron Investment Management Company v. Struthers Thermo-Flood Corp.*,
169 B.R. 206 (D. Kan. 1994)………....……………………………………27

*Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831
(4th Cir. 2007)...…………………………………………………………..21

*Wells Fargo Bank Minnesota, N.A. v. Rapid Funding, LLC (In re Yates)*,
No. 01-32341-T 2002 Bankr. LEXIS 1734, 2002 WL 32140187
(Bankr. E.D. Va. Aug. 16,
2002)………...…………………………………………………..18-19

*Young v. James*, 168 F.R.D. 24, 27, 1996 WL 388524 (E.D. Va. 1996)……...10-11

## **Statutes**

11 U.S.C. § 158……………………………………………………………………1

11 U.S.C. § 105……………………………………………………………………..8

28 U.S.C. § 1452…………………………………………………...1, 9, 15, 26

## **Rules**

Bankruptcy Rule 9027(e)...................................................................7, 11-12

Eastern District of Virginia Local Rule 7(K)...................................... 10

Local Bankruptcy Rule 9013-1 ........................................5, 6, 10, 12-14

## INTRODUCTION

Appellees Kristin E. Schelin and Mark A. Watson (collectively, "**Appellees**") submit this brief in opposition to the Appellant, Karl L. Malloy's ("**Appellant**") appeal from the United States Bankruptcy Court for the Eastern District of Virginia's order dated December 20, 2023 granting Appellees' Motion for Remand ("**Motion for Remand**").

## STATEMENT OF JURISDICTION

This Court has appellate jurisdiction over the present matter pursuant to 28 U.S.C. § 158(a) as an appeal from a final bankruptcy order dated December 19, 2023.

## STATEMENT OF THE ISSUES

1.    Whether the Bankruptcy Court committed a reversible procedural error in granting Appellee's Motion for Remand.

2.    Whether the Bankruptcy Court committed a substantive error in granting Appellee's Motion for Remand.

   a. Whether the Bankruptcy Court correctly found that mandatory abstention was appropriate pursuant to 28 U.S.C. § 1334(c)(2).

   b. Whether the Bankruptcy Court abused its discretion by finding permissive abstention was appropriate pursuant to 28 U.S.C. § 1334(c)(1).

   c. Whether the Bankruptcy Court abused its discretion by finding that equitable remand was appropriate pursuant to 28 U.S.C. § 1452(b).

## STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's decisions as an appellate court and therefore applies the standards of review generally applied in federal courts of

appeal. *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Services U.S., LLC*, 469 F. Supp. 3d 505, 522, 2020 WL 3473641 (E.D. Va. 2020). This Court must review legal conclusions of the bankruptcy court *de novo*, the bankruptcy court's factual findings for clear error, and any discretionary decisions for abuse of discretion. *See Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022); *see also Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 639 (4th Cir. 2004). A finding of fact is only clearly erroneous if this Court, when considering all of the evidence, "is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Issue 1 presents an issue of judicial discretion that this Court reviews for abuse of discretion, or alternatively, presents pure questions of law that this Court reviews *de novo*. *Hoekstra v. United States (In re Hoekstra)*, 225 B.R. 285, 289 (E.D. Va. 2000). Issue 2 presents mixed questions of fact and law and judicial discretion; this Court reviews the factual portion of these issues for clear error, legal conclusions *de novo*, and issues of judicial discretion for abuse of discretion. *See Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 905 (4th Cir. 1996).

## STATEMENT OF THE CASE

1.    As found by the Bankruptcy Court, the undisputed facts of this case are that Appellees are Plaintiffs in a lawsuit pending before the Powhatan Circuit Court

("**State Court Action**") seeking specific performance and breach of contract in connection with a contract to purchase certain real property located at 1600 Mill Quarter Road, Powhatan, Virginia 23139, (the "**Property**").  The Property is unique and of historic significance having been constructed in 1759.   Appendix to Appellant's Opening Br. (hereinafter, the "App.") KLM004152-53.

2.     On or about February 26, 2022, the Appellees and Appellant, Karl Malloy, entered into a certain Central Virginia MLS Purchase Agreement (the "**Contract**"), pursuant to which the Appellant agreed to sell the Property to Appellees. *Id*.

3.     A dispute arose under the Contract wherein Appellant refused to perform his obligations to sell and convey title to the Property to the Appellees, and attempted to terminate the Contract in violation of the express terms of the Contract and applicable state law. *See* App. KLM004153.

4.     The State Court Action was filed on March 25, 2022, and the parties vigorously litigated for a year and a half. *Id*.

5.     Throughout the course of the State Court Action, the Appellant's sole motivation was to prevent Appellees from obtaining title to the historic Property, by engaging in serial and unwarranted filings directed at forestalling a trial on the merits and increasing the costs and expense of the Movants. *See generally,* App. KLM000017-4097.

6.      On October 5, 2023, ("**Petition Date**"), on the literal eve of a trial in the State Court which was set for October 6, 2023, Appellant, *pro se*, filed a Chapter 13 bankruptcy petition.[1]  By operation of 11 U.S.C. § 362, the State Court Action was stayed and the trial did not go forward.  App. KLM004153.

7.      Appellees filed a Motion to Dismiss or in the Alternative for Relief From Stay ("**Motion to Dismiss**") seeking a dismissal of the bankruptcy case on the grounds that the Appellant used the automatic stay of the bankruptcy court as an improper litigation tactic in a two-party dispute to evade the timely and efficient ruling on purely state law issues on the eve of a state court trial.  Appellees' Motion to Dismiss was scheduled for a hearing before the Bankruptcy Court on November 29, 2023.  App. KLM004154.

8.      In the interim, on November 20, 2023, acting *pro se*, Appellant removed the State Court Action to the Bankruptcy Court as an Adversary Proceeding. *Id*.

9.      At the hearing on November 29, 2023 (the "**November Hearing**"), Appellant orally requested a continuance of the hearing to allow time for himself to find new counsel, having terminated the representation of his bankruptcy counsel. App.

---

[1] Appellant subsequently retained bankruptcy counsel on or about October 20, 2023, and then terminated that counsel, whose Motion to Withdraw was granted on November 29, 2023, contemporaneously with the Bankruptcy Court's hearing on Appellees' Motion to Dismiss. App. KLM004153; KLM004867.

KLM004865.  Appellant's motion for a continuance was not submitted as a written record nor noticed for the November Hearing. App. KLM004867.

10.     At the November Hearing, the Bankruptcy Court began hearing argument on the pending and properly noticed Motion to Dismiss. *Sua sponte*, the Bankruptcy Court raised the issue of abstention and remand. App. KLM004874.

11.      Rather than rule on the Motion to Dismiss, and to accommodate the Appellant's request for additional time to obtain new counsel, the Bankruptcy Court continued the November Hearing until December 13, 2023 (the "**December Hearing**"). App. KLM004885.

12.     The Bankruptcy Court expressly directed the Appellees to file a Motion for Remand for the Bankruptcy Court to consider at the December Hearing. App. KLM004885.

13.     Pursuant to the Bankruptcy Court's instruction, on December 8, 2023, Appellees filed their Motion for Remand. App. KLM004115-31.

14.     Simultaneously, pursuant to Local Bankruptcy Rule 9013-1(N) and given the timing of the continued hearing, Appellees also filed a Motion to Expedite Hearing (App. KLM004132-39) which included the requisite certification pursuant to Local Bankruptcy Rule 9013-1(N). Appellees also filed a Notice of Hearing (the "Notice") pursuant to 9013-1(M)(5) noticing the Motion for Remand and Motion to Expedite

Hearing to be heard at the December Hearing (App. KLM004140-41), and provided the Notice to the Appellant by electronic mail and U.S. mail. App. KLM004141.

15.     The Notice, pursuant to Local Bankruptcy Rule 9013-1(m)(5), advised that Appellant would have until December 12, 2023 to file a response. App. KLM004140.

16.     On December 12, 2023, consistent with the Notice and the Bankruptcy Local Rules, Appellant filed his Objection to the Motion for Remand and his Objection to Expedite Hearing. App. KLM004142-51.

17.     On December 13, 2023, the Bankruptcy Court heard the continued Motion to Dismiss, the Motion for Remand, and the Motion to Expedite Hearing, orally granting the Motion to Expedite Hearing before proceeding to the Motion for Remand. App. KLM004897.

18.     By Order dated December 19, 2023, the Bankruptcy Court granted the Motion for Remand and Motion to Expedite Hearing (the "**Remand Order**"). App. KLM004152-61.

19.     Notably, the Bankruptcy Court specified in its Remand Order that the Motion for Remand "was a mere formality following the Court's instruction that the underlying pleading be filed. The Court had already set the continued Hearing for December 13 at the request of the Defendant after he fired his bankruptcy counsel at the November 29 Hearing[] and said he needed the additional time to engage new

counsel. The Defendant then appeared at the continued Hearing without new bankruptcy counsel." KLM004156, fn. 5.

20.    On January 2, 2024, Appellant noted his appeal of the Remand Order.[2] KLM004162-76.

21.    As explained below, the Bankruptcy Court did not commit any error and the Adversary Proceeding was properly remanded back to state court.

## SUMMARY OF ARGUMENT

22.    Appellant first seeks to set aside the Remand Order based on the Appellant's contentions that certain procedural requirements were not followed such that Appellant did not have adequate notice and opportunity to be heard. Appellant also submits that the Bankruptcy Court's Remand Order, which was reached based on three independent bases, well-supported by facts and the law, was wrongly decided. Appellant's procedural arguments on appeal ignore the relevant facts, misapply the applicable Local Rules, misapply Federal Bankruptcy Rule 9027(e), and ignore the Bankruptcy Court's authority to set its own docket. Appellant's substantive arguments are based on inapplicable authority outside of the Fourth

---

[2] The present appeal is one of three appeals from the Bankruptcy Court proceedings that the Appellant has filed, in addition to appeals of decisions in the State Court Action. Consistent with the extensive record filed by Appellant as an appendix in this litigation, Appellant's expansive use of the courts of the Commonwealth of Virginia, and now the federal judiciary, underscores Appellee's argument before the Bankruptcy Court that Appellant's litigation conduct amounts to nothing more than repeated attempts to delay an adjudication on the merits of the underlying dispute.

Circuit and inconsistent with Fourth Circuit precedent, and are otherwise insufficient to show that the Bankruptcy Court committed reversible error. For these reasons, the Bankruptcy Court should be affirmed.

## **ARGUMENT**

## I.    **THE BANKRUPTCY COURT COMMITTED NO REVERSIBLE PROCEDURAL ERROR IN GRANTING THE MOTION FOR REMAND.**

23.    Appellant's procedural arguments can be summarized as Appellant's perceived failure of the Bankruptcy Court and the Appellees to provide sufficient notice and opportunity for the Appellant to be heard regarding the Motion for Remand. Appellant's arguments ignore five (5) key facts:

    1) The Bankruptcy Court is free to rule, *sua sponte*, that remand is appropriate, as the court is always free to consider its own jurisdiction (*see* 11 U.S.C.A. § 105 ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process"); *see also Tex. Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.),* 260 B.R. 832, 837

(Bankr. S.D. Tex. 2001); *see also Clarke & Assocs., Inc. v. Runsted*, 480 F. Supp. 3d 1333, 1336 (D. Utah 2020) (It appears widely accepted that Section 1452(b) authorizes a district court to remand a removed proceeding sua sponte notwithstanding the absence of a motion . . . by any party."));

2)  The Bankruptcy Court continued the November Hearing date pursuant to Appellant's own request;

3)  The Bankruptcy Court set the December Hearing date at the November Hearing at which Appellant was present, and informed both parties that remand would be considered at the December Hearing;

4)  Appellant timely filed a response to the Motion for Remand and Motion to Expedite, including evidence submitted with his objections; and

5)  Appellant appeared, *pro se*, at the December Hearing and was fully heard on the issues before the Bankruptcy Court, including the Appellant's concerns regarding the timing and notice of the hearing.

24.  Appellant had notice and an opportunity to be heard – and, in fact, was heard – but now invites this Court to overturn the Bankruptcy Court on allegedly defective procedural grounds because Appellant is dissatisfied with the substantive

results of the November Hearing and December Hearing. This Court should decline the invitation.

### A. Appellant's citations to the Local Rules and *Roseboro* are unpersuasive.

25.     Appellant argues that the Motion for Remand failed to properly incorporate a "*Roseboro*" notice, citing to the Eastern District of Virginia Local Rule 7(K).[3]  Appellants complied with Local Bankruptcy Rule 9013-1(M), which controls the notice requirements for *all* hearings in bankruptcy court, including subsection (M)(5) governing hearings set on an expedited basis.

26.     Moreover, Eastern District of Virginia Local Civil Rule 7(K) requires a *Roseboro* notice to be filed only pursuant to notice of a dispositive motion. Appellant's argument that a motion for remand is a dispositive motion under Local Civil Rule 7(K), citing exclusively law outside of this jurisdiction, is inconsistent with this Court's prior cases. *See Young v. James*, 168 F.R.D. 24, 27, 1996 WL

---

[3] Notably, the rationale behind requiring a *Roseboro* notice is based on the disadvantages of a *pro se* litigant appearing in federal court on a dispositive motion, and specifically a motion for summary judgment in the *Roseboro* case. 528 F.2d 309 (4th Cir. 1975). Appellant is not a typical *pro se* litigant. Appellant is a Harvard graduate, a graduate of the University of Virginia School of Law, and is licensed to practice law in the State of Maryland, the State of New York, and the District of Columbia. App. KLM0041565, fn. 4; *see also* App. KLM004918. While not barred in Virginia, Appellant's argument that he is not "well[-]versed" in the local rules (App. Op. Br. ¶ 25) is not persuasive, given the Appellant's clear familiarity with the legal system as a whole, as evidenced by his legal education and his extensive filings in the State Court Action, bankruptcy filings, and his numerous related appeals.

388524 (E.D. Va. 1996)("The Court finds persuasive the reasoning and analysis of the cases holding that motions to remand should be considered nondispositive").

**B.    Federal Bankruptcy Rule 9027(e) is irrelevant to this pending appeal.**

27.    Appellant argues that Appellees failed to file a statement pursuant to Federal Bankruptcy Rule 9027(e) in the Adversary Proceeding, but fails to argue how such a failure impacts the Remand Order.

28.    Federal Bankruptcy Rule 9027(e)(3) requires that a party file "a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court," as opposed to having the matter heard by the relevant district courts that have original jurisdiction over bankruptcy matters.

29.    Appellant cites no cases to support that a party's failure to file a statement pursuant to Rule 9027(e) could invalidate any well-grounded motion for remand. Furthermore, Appellant's argument ignores that Appellees had already filed a Motion to Dismiss prior to Appellant's removal of the State Court Action into the bankruptcy proceeding and timely filed (*i.e.* within 30 days) a Motion for Remand, each motion challenging that the appropriate venue for deciding the merits related to the State Court Action was the state court.

30.    Even if this Court were to infer that Appellant's arguments are best characterized as an argument for waiver of Appellee's ability to challenge the Bankruptcy Court's jurisdiction, a failure to file a notice pursuant to Federal

Bankruptcy Rule 9027(e)(3) does not act as a waiver of any defenses when a motion for remand is timely filed. *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 546 (S.D.W. Va. 2004)("[T]he court declines to find waiver in view of the prompt filing of a motion to remand by the plaintiffs").

31.     Thus, to the extent that Appellant argues that the Motion for Remand must be set aside on the grounds that Appellees failed to file a notice pursuant to Federal Bankruptcy Rule 9027(e), Appellant's argument lacks any basis in statute or case law and this Court should find that the Bankruptcy Court committed no error by ruling on the Motion for Remand.

## C.     The Bankruptcy Court properly exercised discretion over its own docket.

32.     Appellant alleges that Appellees failed to comply with Local Bankruptcy Rule 9013-1 by failing to timely notice the hearing. Appellant's arguments are premised on the concept that the Appellees moved for the hearing date in the first instance – they did not. Appellant's arguments are also premised on the concept that he is entitled to a 21-day response period prior to a hearing – because a Motion to Expedite was granted, he is not. The Bankruptcy Court, in an exercise of its own discretion and for the benefit of Appellant, set the date and time of the December Hearing on a short time frame and at the request of Appellant. Appellant was fully aware that remand would be argued at the December Hearing, as he was present in the Bankruptcy Court when the Motion for Remand was ordered.

Moreover, Appellant ignores that he was served with the Motion to Remand and timely filed an objection to the Motion for Remand and the Motion to Expedite Hearing.

33.    Local Bankruptcy Court Rule 9013-1(M)(5) provides:

> The notice of any hearing that is set on an expedited basis….shall, as soon as possible, be filed with the Court and served on all required parties using a method reasonably calculated to provide timely notice to all affected parties. Such notice shall provide the hearing date, time, and location, as well as the applicable response period…"

34.    In pertinent part, Local Bankruptcy Court Rule 9013-1(N) provides that a motion "requesting an expedited hearing shall be served, along with the underlying motion on which expedited consideration is sought, using a method reasonably calculated to provide timely notice to all affected parties…"

35.    The Motion for Remand, Motion to Expedite Hearing, and Notice were all filed on December 8, 2023. App. KLM004115-41.

36.    Pursuant to the Bankruptcy Court's earllier instructions to the parties at the November Hearing, the Motion to Expedite Hearing was granted at the December Hearing, and the Motion for Remand was heard.

37.    Because the Motion to Expedite Hearing was granted, the Motion for Remand was timely heard at the December Hearing.

38.    While Appellant quotes and misquotes several local rules, Appellant's critical error in his analysis is that the already-commenced November hearing was

ordered to be continued to December 13, 2023, by the Bankruptcy Court at the November Hearing. Local Bankruptcy Rule 9013-1(H)(3) provides that in circumstances where a hearing has been set on less than 21 days' notice, as here, "[i]f a hearing is set on an expedited basis, the opposing party may file a response, with a supporting memorandum, not later than 1 day before the date of the hearing or as otherwise directed by the Court." The Notice of Hearing allowed for a response to be filed 1 day before the hearing, and Appellant timely filed his response. Appellant's response was fully considered by the Court. While Appellant complains of the outcome of the hearing because the Bankruptcy Court did not rule in his favor, an adverse outcome is not the same as a mistake of fact or error of law.

39.    At its heart, Appellant's challenges related to the procedure of the Bankruptcy Court are challenges to the Court's discretionary authority to control its own docket. *See, In re Robertson*, 206 B.R. 826, 830, 1996 WL 858478 (Bankr. E.D. Va. 1996). The Bankruptcy Court ordering a hearing on relevant issue is not an abuse of discretion, particularly when both parties were present before the Court when the hearing was scheduled and were able to fully brief and argue the issue.

40.    Perhaps more importantly, as the Bankruptcy Court noted, "federal bankruptcy court does not have to rely upon a motion by any party to remand a case under § 1452(b). Instead, the court can consider, upon its own motion, its jurisdiction over the subject matter and whether to remand the matter to the state court." *Tex.*

*Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.),* 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001); *see also Clarke & Assocs., Inc. v. Runsted,* 480 F. Supp. 3d 1333, 1336 (D. Utah 2020) (It appears widely accepted that Section 1452(b) authorizes a district court to remand a removed proceeding *sua sponte* notwithstanding the absence of a motion . . . by any party."). The Bankruptcy Court had authority to make a ruling on remand regardless of whether a hearing was held or a motion was filed, yet the Bankruptcy Court provided the parties the opportunity to brief the issue and be fully heard. This discretionary control over the Bankruptcy Court's docket is well within the discretion of the court such that the decision to remand was not an abuse of discretion and is not a reversible error.

### D.    Appellant was able to present evidence at the December Hearing.

41.    Appellant argues that the December Hearing "should have [been] set…for an evidentiary hearing on the schedule proposed by Appellant." App. Br. ¶ 38. Appellant ambiguously intimates a violation of unspecified federal civil rights because the hearing was not an evidentiary hearing. *Id*. ¶¶ 40-46. But the hearing was an evidentiary hearing – in which the Bankruptcy Court considered matters of public record both in the state court and bankruptcy filings, as well as the Appellant's *pro se* arguments and the arguments of counsel.

42.    The Bankruptcy Court considered the facts and evidence submitted to it in reaching its conclusion that remand was appropriate. The facts supporting

remand were matters of public record and were properly before the Bankruptcy Court. Appellant has provided no evidence that he attempted to subpoena or call any witness that was unable to testify, nor has Appellant provided any proffer of testimony that could have been elicited. Appellant's bare allegation that the December Hearing was not evidentiary gives this Court no basis for finding that the Bankruptcy Court abused its discretion in holding the December Hearing, nor finding any error related to the exercise of the Bankruptcy Court's discretion.

43.    Even if Appellant's characterization of the December hearing as a non-evidentiary hearing were true, which it is not, Appellant cites to no statutory or case law authority that entitles Appellant to an evidentiary hearing on a Motion for Remand. Both parties were treated equally and had the same opportunity to submit evidence. Therefore, the Bankruptcy Court did not err in its procedure in hearing and granting the Motion for Remand or Motion to Expedite Hearing.

## II.   THE BANKRUPTCY COURT CORRECTLY APPLIED THE RELEVANT ANALYSIS TO SUBSTANTIVELY FIND THAT REMAND WAS MANDATORY AND APPROPRIATE.

### A.   The Bankruptcy Court Properly Granted the Motion for Remand Based on Mandatory Abstention under 28 U.S.C. § 1334(c)(2).

i.    *Appellant improperly relies on law that courts in this circuit have rejected to argue that abstention is barred when a case is removed to a bankruptcy court.*

44.    Appellant argues that abstention, both mandatory and permissive, is improper in this case because remand requires an *existing* state court case. Appellate

16

relies on *Security Farms v. International Brotherhood of Teamsters, Cheauffeurs, Warehousemen & Helpers (In re Teamsters, Cheauffeurs, Warehousemen & Helpers Union Local 890*), 124 F.3d 999 (9th Cir. 1997), in which the Ninth Circuit ruled that an original state court action was extinguished by removal to federal court (and finding that it lacked statutory authority to review a motion for remand, thus upholding the district court that had rejected a motion to abstain).

45.     Aside from being a decidedly different procedural history than the present case, *In re Teamsters, Cheauffeurs, Warehousemen & Helpers Union Local 890* has been rejected by multiple jurisdictions and is not controlling law in the Fourth Circuit. *See In re Ahearn,* 318 B.R. 638, 644, 2003 WL 23957200 (Bankr. E.D. Va. 2003)(considering abstention when an interpleader action had been removed to the bankruptcy court); *see also In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999)("[W]e note, only to reject out of hand, [the] assertion that statutory abstention does not apply to cases removed to federal court on the basis of bankruptcy jurisdiction…There is no textual support in the statute for this position, only a handful of bankruptcy court opinions support it, and the vast majority of courts hold otherwise.").

46.     The text of 28 U.S.C. § 1334(c)(2) does not require a *currently* pending state court action, but rather requires only that an action has been "**commenced**, and

can be timely adjudicated, in a State forum of appropriate jurisdiction." (emphasis added).

47.     There is no dispute that the State Court Action, at all times relevant to this case, had been commenced and could provide for the timely adjudication of state law claims in a state forum of appropriate jurisdiction.

      ii.     *The Bankruptcy Court Correctly Applied the Six-Factor Test for Mandatory Abstention.*

48.     In relevant part, 28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or a State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum or appropriate jurisdiction.

(emphasis added).

49.     Courts interpreting this Section have held that district courts (and bankruptcy courts) must abstain where each of the following six factors are present:

> 1) A party to the proceeding must file a timely motion to abstain; 2) The proceeding is based on a state law claim; 3) The proceeding is a "non-core, but related to" proceeding; 4) There is no basis for federal court jurisdiction other than section 1334; 5) An action is commenced in state court; and 6) The state court action can be timely adjudicated.

*Wells Fargo Bank Minnesota, N.A. v. Rapid Funding, LLC (In re Yates)*, No. 01-32341-T 2002 Bankr. LEXIS 1734, at *3, 2002 WL 32140187 (Bankr. E.D. Va. Aug. 16, 2002) (Tice, J.)(*quoting Seven Springs, Inc. v. Abramson (In re Seven Springs, Inc.)*, 148 B.R. 815, 817 (Bankr. E.D. Va. 1992)).  The Bankruptcy Court correctly found that State Court Action satisfies all six factors.

50.     On appeal, the only factors that Appellant seriously contends were not met are that (a) the State Court Action may be timely adjudicated;  and (b) the State Court Action is a non-core proceeding.

> *a.  The State Court Action may be timely adjudicated in the state court.*

51.     As found by the Bankruptcy Court, the State Court Action may be timely adjudicated in state court.

52.     Appellees proffered at the December Hearing that they had contacted the Powhatan Circuit Court and that the court advised that "the judge's calendar is available at the convenience of the parties to reschedule" as soon as the automatic stay was lifted. App. KLM004899.

53.     Following entry of the Remand Order, Appellees contacted the Powhatan Circuit Court and the State Court Action is now set for a one-day bench trial on May 20, 2024.

19

54.    The only potential delays that may affect the scheduled trial date are based on Appellant's own appeals that he has filed to avoid the trial in Powhatan Circuit Court.

55.    Therefore, there is no clear error in the factual determination made by the Bankruptcy Court that the Powhatan State Court could timely adjudicate the State Court Action, and this Court should affirm the Bankruptcy Court's Remand Order.

> b.    *The State Court Action is a non-core bankruptcy proceeding.*

56.    Appellant suggests that Appellee's right to relief depends on the resolution of a substantial question of federal law such that the Bankruptcy Court had core, rather than non-core, jurisdiction. App. Op. Br. ¶¶ 56-57.

57.    Appellant's argument is predicated on the mistaken assumption that the state law, breach of contract action "arises under" the Bankruptcy Code because the claim depends on the resolution of a substantial question of federal law – specifically, whether the Contract is an executory contract that can be rejected under 28 U.S.C. § 365. This misinterpretation would transform nearly every contract of a bankruptcy debtor into a dispute implicating the core jurisdiction of the Bankruptcy Court.

58.    To the contrary, the core jurisdiction of the bankruptcy court is implicated only in cases that "arise under" or "arise in" a bankruptcy proceeding. *In re Poplar*

*Run Five Ltd. P'ship*, 192 B.R. 848, 855, 1995 WL 584602 (Bankr. E.D. Va. 1995)("the term 'core' refers to 'arising in' and 'arising under' proceedings collectively").

59.   Courts in this district have stated that "[a] civil proceeding '**arises under**' the Bankruptcy Code when 'federal [bankruptcy] law **creates the cause of action** or ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.'" *In re LandAmerica Fin. Grp., Inc.*, No. 08-35994-KRH, 2011 WL 203986, at *2 (Bankr. E.D. Va. Jan. 21, 2011) (citing *Sharif v. IndyMac Bank (In re Sharif)*, 411 B.R. 276, 280 (Bankr. E.D. Va. 2008)(emphasis added)).  But "an affirmative defense…that is governed by federal law does not create a federal question that can support 'arising under' jurisdiction." *In re Poplar Run Five Ltd. P'ship*, 192 B.R. at 856, 1995 WL 584602.

60.   "A proceeding or claim '**arising in**' Title 11 is one that is not based on any right expressly created by Title 11, but nevertheless, **would have no existence outside of the bankruptcy**." *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007) (emphasis added).

61.    Appellant cites to the standard for "arising under" jurisdiction while claiming that the State Court Action is a core proceeding based on "arising in" jurisdiction – neither basis for core bankruptcy jurisdiction is applicable.[4]

62.    Bankruptcy law does not create a common law breach of contract action, and no substantial federal question must be resolved to adjudicate a common law breach of contract. Moreover, the State Court Action undoubtedly exists outside of the bankruptcy.  Indeed, it was filed a year and a half *before* the Appellant's bankruptcy petition and is based solely on the state law interpretation of a contract between citizens of the Commonwealth of Virginia.  As the United States Court of Appeals for the Fourth Circuit has articulated, "[i]t seems self-evident that a claim, like the Appellant's breach of contract claim, that pre-dates the filing of the Chapter 11 case **cannot be said to have arisen within that case.**" *Id.* at 836 (emphasis added).  Thus, the State Court Action is not a core proceeding.

63.    Similarly, the Bankruptcy Court found that the State Court Action "is a private dispute that existed prior to the filing of the Bankruptcy Case, would have continued to exist independently of the Bankruptcy Case…and the Parties' rights

---

[4] Appellant seemingly contradicts his own position and also argues in his brief that the Bankruptcy Court had "related to," and thus non-core, jurisdiction. App. Op. Br. ¶¶ 59, 62. This Court may accept the Appellant's definitive statement that the State Court Action is a non-core proceeding and thus satisfies the relevant mandatory abstention analysis.

and obligations are not significantly affected as a result of the filing of the Bankruptcy Case" such that the State Court Action is a non-core proceeding.

64.   Because the Bankruptcy Court correctly held that the State Court Action was a non-core proceeding, this Court should find no clear error in the Bankruptcy Court's findings of fact and affirm the Remand Order.

**B.    Alternatively, the Bankruptcy Court correctly applied the twelve-factor test for permissive abstention.**

65.   This Court should affirm the Bankruptcy Court's alternative exercise of its judicial discretion finding that the State Court Action should be remanded to state court based on permissive, or discretionary, abstention.

66.   28 U.S.C. § 1334(c)(1) provides:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

67.   The bankruptcy court has considerable discretion when deciding whether to abstain from adjudicating a removed action. *Kepley Broscious, PLC v. Ahearn (In re Ahearn)*, 318 B.R. 638, 644 (Bankr. E.D. Va. 2003).

68.   This Court has found that the following factors should be considered when determining whether to exercise permissive abstention:

> (1) The court's duty to resolve matters properly before it; (2) The predominance of state law issues and non-Appellant parties; (3) The economical use of judicial resources; (4)

> The effect of remand on the administration of the bankruptcy estate; (5) The relatedness or remoteness of the action to the bankruptcy case; (6) Whether the case involves questions of state law better addressed by the state court; (7) Comity considerations; (8) Any prejudice to the involuntarily removed parties; (9) Forum non conveniens; (10) The possibility of inconsistent results; (11) Any expertise of the court where the action originated; and (12) The existence of a right to a jury trial.

*Ahearn*, 318 B.R. at 644 (quoting *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 265 (M.D. N.C. 2001)).

69.     "Unlike the all-or-nothing analysis required for mandatory abstention, the Court is free to consider these factors as it deems appropriate in the full exercise of its discretion."   *In re LandAmerica Fin. Grp., Inc.*, No. 08-35994-KRH, 2011 WL 203986, at *6 (Bankr. E.D. Va. Jan. 21, 2011).

70.     The Bankruptcy Court correctly found that the majority of these factors "weigh heavily in support of permissive abstention" and remanded the removed claims.

71.     In particular, the Bankruptcy Court correctly found factors: (2) the predominance of state law issues; (3) the economical use of judicial resources; (6) the involvement of state law best addressed by a state court; (7) comity; (9) *forum non conveniens*; (10) The possibility of inconsistent results; and (11) expertise of the state court particularly relevant.

72.    The Bankruptcy Court correctly found that the State Court Action involves only state law issues that are best addressed by a state court (factors (2) and (6)); abstention is an economical use of judicial resources and in the interests of comity because the state court had already heard the case for a year and a half and was prepared to begin the one-day bench trial were it not for the last-minute bankruptcy filing (factors (3) and (7)); there were no issues that implicated *forum non conveniens* and no risk of inconsistent results (factors (9) and (10)); and that the state court had appropriate expertise to resolve the state court dispute (factor (11)). KLM004159-60.

73.    Appellant argues that judicial efficiency is better served by having the State Court Action resolved in the Bankruptcy Court, in part because the Bankruptcy Court has reviewed the state court proceedings and is therefore "far more familiar with the Appellant's circumstances, as well as with the State Court [Action], than the Powhatan Circuit Court. Appellant Op. Br. ¶ 112.

74.    Appellant's argument is insufficient to show an abuse of discretion by the Bankruptcy Court.

75.    Moreover, restarting the litigation process in the Bankruptcy Court as part of an Adversary Proceeding will result in an inefficient duplication of efforts that have already been expended in the Powhatan County Circuit Court.  The State Court Action was not only ready to be tried in state court at the time that Appellant's bankruptcy

petition was filed, but the Powhatan Circuit Court remains prepared to rule on the merits of the dispute at the upcoming trial date in May.

### C. Alternatively, the Bankruptcy Court correctly ordered remand on equitable grounds.

76.     28 U.S.C. § 1452(b) provides that this Court may also remand "on any equitable ground."   As the Appellant acknowledges, "similar equitable considerations are pertinent to the court's decision on [permissive] abstention" as are considered by courts for equitable remand. *See also, Ahern,* 318 B.R. 638, 643 (Bankr. E.D. Va. 2003) (discussing the equitable considerations relevant to remand alongside the considerations for "permissive abstention").

77.     Appellant fails to independently argue why remand on equitable grounds was an abuse of discretion, relying exclusively on his arguments related to permissive abstention. Appellant's arguments are even less persuasive when applied to equitable remand under 28 U.S.C. § 1452(b).

78.     Like the Remand Order appealed before this Court, other bankruptcy courts have found ample grounds to remand when faced voluntary bankruptcy petitions used to stall a state court trial set to go forward the next day.  For example, in *Allen County Bank & Trust Co. v. Valvmatic Inern. Corp.*, a federal court in Indiana equitably abstained from hearing a removed case, stating:

> The case was ready for trial before a Court already familiar with the case and the legal issues presented, legal issues wholly involving state law.  The action, presumably, can be

> promptly tried upon remand as all the preparation appears done.  To retain this matter would cause duplicative and uneconomical use of scarce judicial resources . . . There are no reasons evident to this Court why this state law action, the resolution of which involves no issues of bankruptcy law, is not better adjudicated in the more appropriate forum: the state court in which it was initially filed.

51 B.R. 578, 582 (N.D. Ind. 1985).  *See also, Textron Investment Management Company v. Struthers Thermo-Flood Corp.*, 169 B.R. 206, 212 (D. Kan. 1994); *Hills v. Hernandez*, No. CIV. A. 98-1108, 1998 WL 241518, at *3 (E.D. La. May 12, 1998); *In re Runkle*, No. 17-35008-KLP, 2018 WL 6438692, at *2 (Bankr. E.D. Va. Dec. 6, 2018) ("[i]t is clear to the Court, after reviewing the pleadings and hearing the arguments of the parties, that the dispute between the parties arises solely from issues addressed, adjudicated, and, before removal, pending in the State Court. This Court now is being asked to examine the proceedings and rulings in a longstanding state court dispute between the parties, complete with aspersions against the integrity of the state court system. Considerations of comity require that the Court remand the State Court Action").

79.    As detailed in the Appellees' prior filings, the Appellant's maneuverings have now spanned two court systems and more than 100 pleadings, and it has been more than two years since the Contract was executed. App. KLM004152. The Appellant's meritless delay and dilatory tactics cannot be permitted to continue *ad*

*infinitum*.[5]  Rather, equity suggests that the interests of justice are best served with an adjudication of the merits of the claims before the state court in the action that is pending with a trial date of May 20, 2024, and this Court should affirm the Bankruptcy Court's Remand Order permitting that trial to go forward.

## CONCLUSION

WHEREFORE, Appellees respectfully request this Court enter an Order as follows: (i) affirming the Bankruptcy Court's Order granting an expedited hearing; (ii) affirming the Bankruptcy Court's Order granting of Appellee's Motion for Remand; and (iii) granting Appellees such other relief that the Court deems just and proper.

---

[5] Curiously, Appellant argues that the Bankruptcy Court improperly modified the automatic stay pursuant to 11 U.S.C. § 362. Of course, the modification of the stay is inherently necessary to effect a remand to state court, otherwise the State Court Action will remain stayed, such that the state court would be prevented from timely adjudicating the parties' rights. "Congress… has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate." *Claughton v. Mixson*, 33 F.3d 4, 5 (4th Cir. 1994). Appellant's arguments in favor of maintaining the automatic stay directly contradict Appellant's arguments in favor of a timely adjudication of the parties' rights and bely his true motivation – continuing to delay a trial on the merits.

Respectfully submitted this 5th day of April, 2024.

KRISTIN E. SCHELIN AND MARK A. WATSON

/s/ Christopher L. Perkins

Christopher L. Perkins (VA Bar No. 41783)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
919 E. Main Street, Suite 1300
Richmond, Virginia 23219
Telephone:   (804) 788-9636
Facsimile:   (804) 698-2950
E-Mail:        cperkins@eckertseamans.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Bankruptcy Rule 8014(a)(10), I hereby certify that the foregoing brief complies with the page limitation set forth in Bankruptcy Rule 8015(a)(7)(A) and Local Rule 7(F)(3) because it does not exceed 30 pages.

/s/ Christopher L. Perkins    

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th of April 2024, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Christopher L. Perkins